NELSON v. THE CITY OF LA PORTE and Another. ·

CITY.—*Lighting Streets.*—*Statute Construed.*—In the sixty-eighth section of the act of 1867, for the incorporation of cities, the words, "for lighting such street according to the general plan of such improvement in said city," embrace the street fixtures necessary for the purpose referred to, including the pipes and lamp posts; and in the twenty-eighth clause of the fifty-third section, the words, "the expense of lighting any street," refer only to the expense of lighting after the fixtures have been put up. In the former case, the expense cannot properly be assessed upon real property in proportion to its appraised value.

APPEAL from the La Porte Circuit Court.

GREGORY, C. J.—The common council of the city of La Porte, in July, 1867, passed an ordinance establishing a certain lamp district, with a view of lighting a part of the city with gas, and provided as follows:

"All the cost of erecting and fitting the lamp posts shall be charged against the real property subject to taxation for general purposes in such lamp district, and an *ad valorem* tax shall be assessed upon said property for the payment thereof. * * All such taxes * * * shall be placed on the duplicate in proper separate columns, and collected as other taxes are collected."

A second ordinance was passed July 8, 1867, erecting the territory for one hundred and twenty-one feet in width on each side of a portion of West Main street, into another lamp district, and providing that all the provisions of the previous ordinance should be applied to this lamp district.

Under these ordinances, permanent iron lamp posts were erected at alternate diagonal corners along West Main street, and an *ad valorem* tax on account of the cost was assessed against Nelson.

Under this assessment the city collector levied on Nelson's property, for which this suit was brought.

An agreed case was made, which included the ordinances and facts above referred to, and also stated that the blocks along West Main street are two hundred and forty-two feet

square, with alleys twelve feet wide running at right angles to the street. That the appellant owned a lot and a half within the district, one lot fronting one hundred and fifteen feet—the length of the lot—on West Main street, and the width of the lot and one half, one hundred and twenty-one feet, fronting on the cross street, on which he had valuable brick buildings, and that some of the lots on the street were unimproved.

The agreed case concludes as follows:

"Now, if, according to the city charter law of 1867, such cost of said lamp posts might legally and properly be charged equally and exclusively against all the lots and improvements in said lamp district according to the respective values thereof, as appraised for general purposes of taxation, then the court will give final judgment for the defendants; but if such was not the true and proper rule under the law for apportioning said lamp post tax, then the court will find for the plaintiff and assess his damages at one cent."

The court found for the defendants, and the proper motions were made, and exceptions taken, to reserve the question for this court.

There is, then, but this one question in the case:

Is an arbitrary assessment against all the land and improvements in a lamp district, in proportion to their appraised value, and without reference to linear frontage on the street improved, or to the proportionate and actual benefits, the true rule for apportioning the burdens of such improvements?

The solution of this question turns upon the construction to be given to the twenty-eighth clause of section fifty-three, in connection with sections sixty-eight, sixty-nine and seventy, of the act of 1867, for the incorporation of cities. These provisions, so far as they relate to this subject, are as follows: "The common council shall have power to enforce ordinances:      *      *      *

"Twenty-eighth. To construct and establish gas works, or to regulate the establishment thereof by individuals or

companies, or to regulate the lighting of streets, public grounds, and buildings, and to provide, by ordinance, what part, if any, of the expense of lighting any street, or alley, shall be paid by the owners of lots fronting thereon, and in what manner the same shall be assessed and collected, and to make the same a lien upon real estate    ,\*    \*.

"Sec. 68. When the owners of two-thirds of the whole line of lots or parts of lots (and measuring only the front line of such lots as belong to persons resident in such city) bordering on any street or alley, consisting of one whole square between any two streets crossing the same, or if the common council deem it expedient, for any reasonable distance upon any square or alley, less than one whole square or block, shall petition the common council   \*   \* "for lighting such street according to the general plan of such improvement in said city, the common council may cause the same to be done, by contract, given to the best bidder, after advertising to receive proposals therefor  \* \*.

"Sec. 69. In all contracts specified in the last preceding section, the cost of any such improvement shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot, and the city shall be liable to the contractors for so much thereof only as is occupied by public grounds of the city bordering thereon, and the crossings of streets and alleys; and the owners of lots bordering on such streets or alleys, or the part thereof to be improved, shall be liable to the contractors for their proportion of the costs, in the ratio of the first line of the lots owned by them to the whole improved line·  \*   \*   \*.

"Sec. 70. When any such contract shall be made, or shall have been heretofore made, and shall have been in progress of fulfilment, the common council shall have power to cause estimates to be made from time to time, of the amount of work done by the contractors, and to require such amount to be paid to him, deducting a reasonable per centage to secure the completion of the contract, until the

whole shall be finished, and to prescribe the time within which the whole shall be completed; and such estimate shall be a lien upon the ground upon which they are assessed, to the same extent that taxes are a lien, and shall have the same preferences over other demands. The common council, with the concurrence of two-thirds of the members thereof, may order or cause any or all of the improvements mentioned in the preceding section, * * * without such petition, and either charge and cause any or all the expenses thereof to be assessed and collected as hereinafter provided when petition is made, or if it is deemed just and right by the common council, to cause such expenses, or any part thereof, to be paid out of the general revenue of the city."

These provisions, in our judgment, can all be harmonized, and when read together they do not seem difficult of construction.

The words, "for lighting such street according to the general plan of such improvement in said city," in the sixty-eighth section, embrace the street fixtures necessary for the purpose, including the pipes and lamp posts. The words, "the expense of lighting any street," in the twenty-eighth clause of section fifty-three, refer only to the expense of lighting after the fixtures are put up.

That which must be made under contract according to the general plan, for which under section seventy estimates may be made from time to time, during the progress of the work, must, of necessity, embrace only the street fixtures, which may be completed, and made ready for use; but, in the nature of things, the keeping the lamps lighted must, if done under contract, be done under a continuing contract. The expense of the former can only be met by an assessment on property holders bordering on such street per running foot, the expense of the latter may be assessed and collected on and from the owners of lots fronting on such street, in any manner the common council may determine, not inconsistent with the constitution and laws of this State.

Under the agreed state of facts, the appellant was entitled to judgment.

Judgment reversed, with costs; cause remanded, with directions to render judgment for the plaintiff on the agreed statement of the facts.

*J. B. & W. Niles,* for appellant.

*M. K. Farrand,* for appellees.